**Juanita M. ALLEN, Appellee,**

v.

**Leonard L. ALLEN, Appellant.**

**No. 59276.**

Court of Appeals of Oklahoma,
Division No. 4.

Oct. 18, 1983.

Released for Publication by Order of Court of Appeals Nov. 18, 1983.

Joe Burch, Jr., Cordell, for appellee.

Ray L. Jones, Jr., Jones & Jones, Cordell, for appellant.

DeMIER, Judge.

Husband appeals division of property and award of alimony in divorce action. Affirmed.

On April 27, 1982, Appellee Juanita M. Allen filed for divorce from her husband of 36 years. Trial was had on September 2, 1982, and the journal entry of judgment and decree of divorce filed November 4, 1982, granting divorce on the grounds of incompatibility.

At the time of trial the wife was 54 years of age and was earning approximately $6,000 a year as a waitress. She had been employed outside the home for roughly one-half of the 36 years of marriage. The husband, at trial, was 58 years of age and was a long-time employee of the U.S. postal service earning approximately $12,000 per year.

There were four children born of the marriage one of which was still a minor at the time of trial. Custody of this child was granted to the wife with the husband ordered to pay $200 per month child support until the child's majority.

The marital property of the parties was limited to household furniture and belongings, 1972 and 1979 automobiles, and the house which was valued at $65,000 with a $6,500 mortgage indebtedness. The equity in the house was therefore $58,500. The household furnishings and personal belongings and the automobiles were basically divided in half. However, the wife was awarded, as her sole and separate property, the parties' home. She was, however, or-

dered to pay the $6,500 indebtedness. In addition, the trial judge awarded her $3,600 support alimony payable at $150 per month for 24 months.

The husband appeals both the award of the house to the wife and the award of alimony.

## I

 In an action for divorce, alimony and division of property are equitable considerations and the trial court's award will not be disturbed unless clearly against the weight of the evidence. *Peters v. Peters,* Okl., 539 P.2d 26 (1975). In light of the evidence presented here we are unable to say that the trial court abused its discretion in awarding the $3,600 support alimony. This award was clearly made on the basis of need, and in light of the disparity in annual incomes, the award was proper.

## II

The husband next contends that the award to the wife of the parties' house constituted an abuse of the trial court's discretion.

On its face the decree would seem to indicate such an error by the trial court. It indicates one principal asset for division— the parties' house. The failure to allow defendant some interest in that property seemingly was unreasonable.

 However, even though not mentioned in the decree, there was another substantial marital asset for division. The husband testified that he had accrued pension rights that would pay him $567.95 per month beginning approximately three years from the trial date. No specific value was placed upon the pension, but based on mortality tables the husband could expect to collect $6,800 yearly for over 15 years. The total pension which defendant could expect to receive would then be over $100,000. This is a marital asset proper for division by the trial court. *Carpenter v. Carpenter,* Okl., 657 P.2d 646 (1983). The trial court's failure to include the pension in the marital

estate for division had the effect of awarding it to defendant.

 Considering the award (by silence) of the entire pension to defendant, we conclude that the overall result of the trial court's property division is an equitable one. In fact, defendant received a greater proportion of the marital estate.

We therefore affirm the trial court in all respects. Each party shall bear their respective costs on appeal.

BRIGHTMIRE, P.J., and STUBBLE-FIELD, J., concur.